IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTHER CORDOVI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-3742 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 12th day of December, 2005, upon consideration of the cross-motions for summary judgment filed by the parties and the reply thereto (Doc. Nos. 8, 13 & 16), the court makes the following findings and conclusions:

1. On June 21, 2002, Esther Cordovi ("Cordovi") filed for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of May 1, 1991. (Tr. 83-85). Throughout the administrative process, including an administrative hearing held on May 12, 2003, before an administrative law judge ("ALJ"), Cordovi's claims were denied. (Tr. 4-6, 12-28, 38-71, 72, 74-77). Pursuant to 42 U.S.C. § 405(g), Cordovi filed her complaint in this court on August 6, 2004.

2. In her decision, the ALJ concluded that Cordovi had severe impairments consisting of Human Immunodeficiency Virus ("HIV" or "AIDS") and depression. (Tr. 20 ¶ 4, 27 Finding 2).[1] Ultimately, the ALJ concluded that Cordovi's impairments did not meet or equal a listing, that she retained the residual functional capacity ("RFC") to perform light work in jobs requiring no more than simple repetitive tasks and involving no more than one or two step reasoning level, that she could perform jobs existing in significant numbers in the economy and, thus, Cordovi was not disabled. (Tr. 19 ¶ 4, 21 ¶¶ 2-3, 26 ¶ 1, 27 Findings 3, 5, 28 Findings 10-12).

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 854 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4. Wright raises four arguments in which she alleges that the determinations by the

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

ALJ were either not supported by substantial evidence or were legally erroneous.  These arguments are addressed below.  Upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

        A.      First, Cordovi argues that this case should be remanded so that the ALJ can consider interrogatory answers dated May 13, 2005, from Erika Aaron, CRNP ("nurse Aaron") which Cordovi claims were submitted to the ALJ two days after the administrative hearing, as she believes this evidence is new and material.  (Tr. 329).  It is unclear whether this evidence was actually received or considered by the ALJ.  When a claimant seeks to rely on evidence that was not before the ALJ, the District Court may remand to the Commissioner, but only if the evidence is new and material and if there was good cause for not having been presented previously to the ALJ.  Fisher v. Massanari, 28 Fed. Appx. 158, 159 (3d Cir. 2002) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)).  Nurse Aaron answered two interrogatory questions.  First, nurse Aaron responded in the negative to whether she believed Cordovi could maintain attendance at a job on a regular and continuous basis five days per week, eight hours per day.  (Tr. 329).  Second, nurse Aaron opined that Cordovi would not be able to sustain a job because of severe depression, advanced AIDS, wasting, and cervical cancer.  (Id.).  This evidence is neither new nor is there a reasonable possibility that it would have caused the ALJ to alter her opinion.  The evidence is not new because it is essentially a repetition of and is cumulative of nurse Aaron's previous assessments that Cordovi was unable to work due to AIDS, depression, and fatigue.  (Tr. 274-75, 277, 279); Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985) (stating that "to support a 'new evidence' remand, the evidence must first be 'new' and not merely cumulative of what is already in the record").  The only difference between the old and new assessments is that nurse Aaron adds wasting and cervical cancer to her reasons why Cordovi cannot work.  (Tr. 274-75, 277, 279, 329).  The ALJ was aware of Cordovi's cervical cancer and there is no evidence of wasting in the record.  (Tr. 22 ¶ 2).  Furthermore, like her previous assessments, this new assessment is not supported by objective medical evidence and nurse Aaron provides no rationale for her responses.  As a result, the new evidence would not have changed the ALJ's decision.  Newhouse, 753 F.2d at 287 (finding that, for a remand, there must be a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination").  Therefore, a remand to consider the May 13, 2003, interrogatory answers is not warranted.

        B.      Second, Cordovi asserts that the ALJ failed to give proper weight to her subjective complaints which she claims were supported by medical evidence.  "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence."  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Moreover, such determinations are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  Likewise, the ALJ is required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.  Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)).  In this case, the ALJ reasonably discounted Cordovi's subjective complaints because of, *inter alia*, inconsistencies between the level of daily activities she had admitted to and the degree of severity of impairment she alleged, (Tr. 23 ¶ 2, 51-54, 212), and the fact that treating physician progress notes suggested that her HIV symptomatology had improved due to medication and her complaints of diarrhea were of recent origin.  (Tr. 23 ¶¶ 3-4, 48, 59, 211-214).  Similarly, the records from her treating sources generally show that Cordovi was doing well.  (Tr. 211-

214, 239, 284). The ALJ also concluded that the record was devoid of objective medical evidence to corroborate the degree of limitation Cordovi alleged. (Tr. 24 ¶ 2).

Cordovi suggests that the opinions of nurse Aaron and Dr. Loren Laviolette Ed. D. ("Dr. Laviolette") corroborate her testimony. (Tr. 274-75, 277, 279, 329, 250-54). However, the ALJ reasonably discounted these sources' conclusions. The ALJ explained that the opinions of Marla Gold, M.D., Richard Gold, D.O. ("Drs. Gold"), and nurse Aaron that Cordovi was incapacitated and permanently disabled were based primarily if not solely on Cordovi's subjective assertions and provided no objective tests or findings to support their conclusions. (Tr. 24 ¶ 4 - 25 ¶1, 274-75, 277, 279). Moreover, these sources' opinions were belayed by their own notes showing improvement and by the fact that the record indicated only routine conservative outpatient care. (Tr. 25 ¶ 1, 211-214, 239, 247, 284). Similarly, the ALJ concluded that Dr. Laviolette's assessment that Cordovi had a global assessment of functioning score of 47 was based on one consultative exam and was dependant on Cordovi's own description of her functioning level. (Tr. 25 ¶ 3, 250-254). As a result of the above, the ALJ's credibility determinations are supported by substantial evidence, and, thus, shall stand.

  C. Third, Cordovi contends that the ALJ erred by merely summarizing her son's testimony but failing to explain the weight given to it. While discussing Cordovi's RFC in her decision, the ALJ reviewed first Cordovi's testimony, then that of her son. (Tr. 22 ¶ 2). Cordovi's son's testimony is nearly identical to her own. (Tr. 48, 51-54, 63-67). After summarizing this testimony, the ALJ concluded for a variety of reasons, many of which are discussed above, that the testimony was not fully reliable. (Tr. 23 ¶ 1 - 24 ¶ 3). Although the ALJ only specifically discussed the reliability of Cordovi's testimony, I conclude that her reasoning is equally applicable to the son's testimony. Therefore, even if the ALJ should have specifically mentioned that she also was discounting Cordovi's son's testimony for the same reasons, the error is harmless. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (finding that a remand was not required because a direct, instead of indirect, consideration of obesity would not have affected the outcome of the case).

  D. Fourth, Cordovi alleges that her impairments meet or equal the requirements of listing 14.08(N). In order to meet listing 14.08(N), a claimant must show:

> Repeated [ ] manifestations of HIV infection (including those listed in 14.08A-M, but without the requisite findings, e.g., carcinoma of the cervix not meeting the criteria in 14.08E, diarrhea not meeting the criteria in 14.08J, or other manifestations . . .) resulting in significant, documented symptoms or signs (e.g., fatigue, fever, malaise, weight loss, pain, night sweats) and one of the following at the marked level [ ]:
> 1. Restriction of activities of daily living; or
> 2. Difficulties in maintaining social functioning; or
> 3. Difficulties in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.08(N). Cordovi first contends that she, *inter alia*, has marked restrictions in all three of the areas listed above. Cordovi bases her argument on the fact that Dr. Laviolette opined that her functioning was such that she would not be able to work, (Tr. 253-254),

and because Drs. Gold and nurse Aaron concluded that she was incapacitated and permanently disabled. (Tr. 274-275, 277, 279, 329). As discussed above, the ALJ reasonably discounted these opinions because they were not supported by objective medical evidence and, in fact, were contrary to Cordovi's medical records and treatment. As a result, Cordovi has not proven that she meets listing 14.08(N).

Next, Cordovi argues that if she does not meet the listing, she equals it. The ALJ found, based in part upon the state agency's psychiatric review technique form, that Cordovi had moderate restrictions in all three of the above mentioned areas. (Tr. 25 ¶ 3, 269). Cordovi alleges, without support, that having moderate limitations in all three areas must be equal to having a marked limitation in one of the areas. The ALJ discussed in her decision whether Cordovi's HIV and depression equaled either listing 14.08 (HIV Infection) or 12.04 (Affective Disorders). (Tr. 20 ¶ 5 - 21 ¶ 3). The ALJ concluded that the record lacked the necessary evidence to suggest that she equaled one of the two listings. (Tr. 21 ¶¶ 2-3). I conclude that the ALJ sufficiently explained why she found that Cordovi did not equal a listing and that her decision was supported by substantial evidence. Moreover, I disagree with Cordovi that the mere fact that she had moderate restrictions in all three areas shows that she equaled listing 14.08(N) as having moderate restrictions in three areas is not necessarily equal in severity to having a marked restriction in one area. Sullivan v. Zebley, 493 U.S. 521 (1990); 20 C.F.R. § 416.926(a)(1)(B)(2).

Finally, Cordovi contends that the ALJ failed to call a medical expert to determine whether she met or equaled a listing in violation of S.S.R. 96-6p. An ALJ may, but is not required to obtain expert opinions regarding whether an impairment meets or equals a listing. 20 C.F.R. § 416.927(f)(2)(iii). Here, it evident that there was nothing in the record that the ALJ believed might change the state agency's ultimate findings or that suggested that a judgment of medical equivalence would be reasonable. S.S.R. 96-6p. Moreover, there is substantial evidence in the record to support the ALJ's conclusion that Cordovi did not meet or equal a listing. Therefore, it was unnecessary for the ALJ to consult a medical expert on this issue.

Upon careful and independent consideration, the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law. Therefore, it is hereby **ORDERED** that:

5. The motion for summary judgment filed by Esther Cordovi is **DENIED**;

6. The motion for summary judgment filed by the Commissioner is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST ESTHER CORDOVI**; and

7. The Clerk of Court is hereby directed to mark this case as **CLOSED**.

_____
LOWELL A. REED, JR., S.J.